## LONG v. SHREVEPORT YELLOW CABS, INC.

### No. 5581.

Court of Appeal of Louisiana.
Second Circuit.

Jan. 28, 1938.

Rehearing Denied March 8, 1938.

Writ of Certiorari and Review Denied
May 2, 1938.

Jackson, Smith & Mayer, of Shreveport, for appellant.

Hendrick & Hendrick, of Shreveport, for appellee.

TALIAFERRO, Judge.

A cab of the Shreveport Yellow Cabs, Incorporated, and a Ford truck of Ed Adams', driven by plaintiff, his employee, collided in the 3600 block of Fairfield avenue in the city of Shreveport, about the noon hour, August 15, 1936, and plaintiff was injured. He sues the cab company for damages.

The negligence of the cab operator is alleged to be the sole cause of the collision. It is charged that he attempted, while going recklessly and at an excessive rate of speed (50 miles per hour), to pass the truck without giving any signal or warning of his intention so to do; that in the execution of this movement, he carelessly and negligently drove the cab too close to the truck and "side-swiped" it from end to end on the left side; that he did not have his vehicle under appropriate control. It is further alleged that at the time there was no traffic near enough to the locus of the accident to prevent the cab safely and easily passing the truck, and that there was ample space on the street to do so.

Defendant admits the accident and the ownership of the cab involved, and that it was being operated by T. B. McFarland, its employee. The other essential allegations of fact, upon which the action is predicated, are specially denied. Responsibility for the collision is attributed to plaintiff, and in support of this position, defendant avers that its cab was traveling at a lawful rate of speed, not in excess of 22 miles per hour, slightly to the west or right-hand side of the center of the avenue, and was following, at a short distance, the Ford truck, which was moving approximately at the same speed; that when said truck arrived at the intersection of Fairfield avenue and Elmwood street, its driver (plaintiff), who was then proceeding near the west curb of the avenue, suddenly and without warning, and in violation of law, veered the truck to its left and in front of the cab; that the cab driver instantly applied the brakes, swerved to his left in the effort to avert a collision, but without success. These alleged acts of negligence, in the alternative, are pleaded in bar of plaintiff's right to recover.

There was judgment for plaintiff for $1,200. Defendant appealed after an unsuccessful effort to procure a rehearing. Plaintiff prays for increase in the amount of judgment.

The collision occurred a short distance north of the intersection of Fairfield avenue and Elmwood street. Both vehicles were traveling southerly. The truck was on its proper side of the street and going at a speed not in excess of 30 miles per hour. The cab was following it, going at a rate not over 40 miles per hour. Behind the cab, at a distance of about 30 feet, followed a car driven by Mr. Barnett Gooch, a resident of Shreveport. As the cars collided, Gooch drove his car to their right side, crossed the intersection, and stopped. The presence of this third car had no influence whatever on the accident.

The nature and location of damage to each vehicle, in our opinion, have a significant bearing upon the controverted issue of fact as to the position and movements of each vehicle immediately before and at time of contact. The cab's right rear fender only was injured. Both left fenders, the running board, and left side of the hood of the truck received injuries. The right end of the cab's rear bumper and left end of the truck's front bumper interlocked and remained so until the vehicles were stopped in or about the south side of the intersection.

Plaintiff and his helper, both negroes, testified that the cab, while trying to pass the truck, sideswiped it. They are positive that the truck never deviated from its direct southerly course until after contact between the vehicles. They testified also that they were delivering articles of produce and chickens that day for their employer, Mr. Adams, and had no reason to make a left turn into Elmwood street,

because no deliveries were to be made thereon. They state that they had completed all deliveries, save one or two, and that the next one was in Dudley drive, three or four blocks south of Elmwood. These man contradict each other in several material respects, for which no good reason appears. The helper, on cross-examination, did violence to plaintiff's evidence and his theory of the case. On redirect examination, he recovered from "stage-fright" and then tracked plaintiff's own evidence rather closely. Mr. Adams testified on behalf of plaintiff, but was not interrogated concerning the place of deliveries in the proximity of Elmwood street. He could doubtless have thrown light thereon.

McFarland, the cab operator, did not testify. A stipulation of counsel in the record discloses what he would have said had he been sworn as a witness. He says that when the truck arrived at the intersection, it was parallel to and some 5 or 6 feet from the west curb of Fairfield, and that then and there "the driver attempted suddenly to make a left turn directly in front of my cab, without giving any signal." That the cab was then about two cars' length behind the truck and in about the middle of Fairfield avenue; that he swerved the cab to the left, applied the brakes, and attempted to avoid the accident; that the truck ran into the right side of the cab.

At date of trial, McFarland was not in the employ of the cab company; in fact, did not then live in or near the city of Shreveport. We can discern no sound reason whatever for this witness to distort the true facts. His testimony is corroborated in all material respects by Mr. Gooch, save that Gooch says that just before the intersection was reached the cab driver undertook to pass the truck on its left side, and that simultaneous with this movement the truck was suddenly turned to its left in front of the cab with the obvious intention of entering Elmwood street. This variance in the testimony of the two witnesses can have no material bearing upon a correct determination of the case. Gooch is certainly a disinterested witness. No reason whatever appears for him to color his testimony to any extent.

At the time of the accident, J. J. Lampton, a resident of the Cedar Grove section of Shreveport, was a paid passenger in the cab. As a witness for plaintiff, he corroborates his version of the facts of the accident. However, we think his testimony clearly at variance with the facts of the case as we find them to be established; and, in addition, his credibility as a witness for plaintiff has been definitely impeached. He is materially interested in the outcome of the present case because the cab company is a defendant in a suit by him for damages alleged to have been sustained from the accident. On the forty-first day after the accident, but before he sued this company, he voluntarily signed a statement for an insurance adjuster wherein he said:

"When at Elmwood street I saw a truck that was headed south on Fairfield avenue start to make a left hand turn into Elmwood. The cab was close to the truck when I first saw the truck. I attempted to brace myself against the back of the front seat and the driver of the cab swung the cab to the left which threw me against left door of the cab and I fell back on the back seat. The cab and the truck collided a little to the east of center of the street. I was taken home by Mr. Gooch as the cab was disabled."

He denies that he made this statement, but admits affixing his signature thereto without reading it. We think he signed this statement advisedly and that he gave the adjuster the facts from which the statement was framed. In confirmation of this conclusion, we quote allegations from his petition against the cab company, viz.:

"Petitioner shows that the truck hereinabove was also proceeding south in the 3600 block of Fairfield avenue and, without giving any notice or warning, changed its course from the righthand side of the street and swerved towards the middle of the street."

We think the above-quoted statement, made at a nonsuspicious time, reflects the true facts. The allegations of the petition, drawn by counsel from information provided by Lampton, is simply an iteration of such facts.

The testimonial proof preponderates for defendant. If it were evenly balanced, the nature and location of the physical injuries to the two vehicles would turn the scales for defendant. It seems obvious to us that the truck when collided with was at an angle to the cab; that the driver of the cab, being confronted with an emer-

gency because of the sudden crossing by the truck of his line of travel, suddenly veered the cab to its left. That movement necessarily threw the cab's right rear fender farther to the right and against the truck, and going at the more rapid speed, scraped the truck as hereinabove described. The bumpers engaged as the cab was almost clear of the truck.

For the reasons herein assigned, the judgment appealed from is annulled, reversed, and set aside; plaintiff's suit is dismissed and his demand rejected at his cost.